# EXHIBIT "B"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., as Broadcast Licensee of the March 15, 2008 "Unfinished Business": Pacquiao/Marquez Event,<br><br>　　　Plaintiff,<br><br>v.<br><br>1) EL POLLO ALEGRE, INC., Individually and d/b/a EL CAPORAL RESTAURANT & BAR, and n/k/a EL POLLO ALEGRE SPORTS BAR, and n/k/a EL POLLO ALEGRE GRILL AND BAR, and<br>2) NORMA ARACELI NEVAREZ, Individually and d/b/a EL CAPORAL RESTAURANT & BAR, and n/k/a EL POLLO ALEGRE SPORTS BAR, and n/k/a EL POLLO ALEGRE GRILL AND BAR, and<br>3) CARLOS NEVAREZ, Individually and d/b/a EL CAPORAL RESTAURANT & BAR, and n/k/a EL POLLO ALEGRE SPORTS BAR, and n/k/a EL POLLO ALEGRE GRILL AND BAR,<br><br>　　　Defendants. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§ Civil Action No. 4:11-cv-00134-MHS-ALM |

### AFFIDAVIT OF ANDREW R. KORN

STATE OF TEXAS　　　　§
　　　　　　　　　　　　§
COUNTY OF DALLAS　　§

　　　　BEFORE ME, the undersigned authority, on this day personally appeared Andrew R. Korn, who is personally known to me or presented a valid Texas drivers license to verify his identity, and who, after first being duly sworn under oath, deposes and states as follows:

　　　　1.　　"My name is Andrew R. Korn, I am more than 21 years of age; I am of sound mind; and I am competent to make this Affidavit and to testify to the matters stated herein.

2.  The statements contained herein are true and correct and within my personal knowledge as an attorney licensed to practice law in the State of Texas and as an attorney representing J&J Sports Productions, Inc.

3.  My current resume (along with an attachment explaining Martindale Hubbell's rating system), containing an overview of my experience as an attorney, is attached hereto as Exhibit B-1.

4.  I have attended legal seminars, where the topic discussed was attorneys' fees including:

- *Recent Developments and Ethical Considerations involving Attorney's Fees,* presented by the Dallas Bar Association Appellate Law Section on November 15, 2007; and

- *Selecting the Best Alternative Fee Arrangement with Outside Counsel,* presented by the Dallas Bar Association Corporate Counsel Section on August 6, 2010.

- *Attorney's Fees: Emerging Issues in Federal and State Practice,* presented at the 2011 Conference on State and Federal Appeals on June 2-3, 2011.

I have set over two hundred fifty (250) fee agreements for legal services. I have handled hundreds of collection cases and attended seminars on debt collection. Since 2001, my firm has handled (or is in the process of handling) in excess of two thousand (2,000) anti-piracy cases, including cases in the federal district courts for the Northern, Southern, Eastern and Western Districts of Texas.

5.  Based upon my experience, knowledge and training, reviewing the factors contained in TEX. DISC. R. PROF. CONDUCT 1.04 and *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974) with which I am familiar, the work performed in this case, with which I am familiar, and *State Bar of Texas Department of Research and Analysis, 2009 Hourly*

*Fact Sheet*, it is my opinion that a one third (33 1/3%) contingent fee is reasonable for the prosecution of this cause through judgment. In particular, based on the criminal nature of pirating cable and satellite transmissions and Defendant's failure to answer this suit, the difficulty of fully collecting a judgment appears high and the likelihood of fully collecting a judgment appears low.

6. In addition, Courts have recognized that a one-third contingent fee is reasonable for the prosecution of anti-piracy cases. *See* the *Memorandum Opinion and Order* in *Entertainment by J&J, Inc. v. Nuno*, Civil Action No. 3:01-CV-0631-H, 2001 U.S. Dist. LEXIS 11050, at *2 (N.D. Tex. August 1, 2001) (Sanders, J.); *Entertainment by J&J, Inc. v. David Cantu, Individually and a/d/b R&R Sports Club*, Civil Action No. 3:01-CV-1803-R, (N.D.Tex. December, 10, 2002) (Buchmeyer, J.) (*Final Judgment*) f.n.2 ("The Court takes judicial notice that an award of attorney's fees in the amount of one-third (1/3) of the damages awarded herein is reasonable and necessary for this type of action.").[1]

---

[1] *See also:*

- *J&J Sports Productions, Inc. v. Juan Perez Zavala, individually and d/b/a Tony's Lounge*; In the United States District Court for the Southern District of Texas, Houston Division, Civil Action No. H-09-1359 (Hoyt, J.) (S.D. Tex. August 28, 2009) (*Final Default Judgment*) (Attorney's fees totaling 33.33% of damages awarded);

- *J&J Sports Productions, Inc., as Broadcast Licensee of the April 8, 2006 Mayweather/Judah Event v. (1) Rosa Candida Bustillos, individually and d/b/a La Raza Discoteque a/k/a Las Chelas Bar; and (2) Homero Merino, individually and d/b/a La Raza Discoteque a/k/a Las Chelas Bar,* In the United States District Court for the Southern District of Texas, Houston Division, Civil Action No. H-08-01069, (April 8, 2009) (Harmon, J.) (Final Default Judgment) Attorney fees totaling 33.33 % of damages awarded);

- *Innovative Sports Marketing Inc. v. 1) Daniel Pedro Gonzalez a/k/a Danny Gonzalez, Individually and d/b/a Estadio Billiards & Sports Bar; and 2) Estadio, Inc., Individually and d/b/a Estadio Billiards & Sports Bar*; In the United States District Court for the Southern District of Texas, Houston Division Civil Action No. H-07-3279, (March 13,

2009) (Hittner, J.) (*Final Summary Judgment*) Attorney fees totaling 33.33 % of damages awarded);

- *Interforever Sports, Inc., as Broadcast Licensee of the July 17, 2003, Mexico/ Honduras Event v. Harol Alberto Cubides, Individually and d/b/a Turco Billares;* In the United States District Court for the Southern District of Texas, Houston Division, Civil Action No. H-06-2417, (S.D.Tex. December 12, 2006) (Lake, J.) (*Final Default Judgment*) (Attorney's fees totaling 42.8% of damages awarded); *J&J Sports Productions, Inc., as Broadcast Licensee of the January 21, 2006 Morales/Pacquiao Event v Antonio Alvarado, Individually and d/b/a Mi Charrito,* In the United States District Court for the Southern District of Texas, Houston Division Civil Action No. H-08-0218 S.D.Tex. May 29, 2008) (Lake, J.) (*Final Default Judgment*) (Attorney's fees totaling 33.33% of damages awarded). *But see J&J Sports Productions, Inc., as Broadcast Licensee of the September 16, 2006 Barrera/Juarez Event v. Gladys Yolanda Barnica, Individually and d/b/a La Cuadra Night Club;* In the United States District Court for the Southern District of Texas, Houston Division Civil Action No. H-08-02764, (S.D. Tex. January 27, 2009) (Lake, J.) (*Final Default Judgment*) (Awarding $1,000.00 in hourly fees);

- *Garden City Boxing Club, Inc., as Broadcast Licensee of the September 18, 2004 De La Hoya/Hopkins Event v. Ricardo Aguilar, individually and d/b/a Carta Brava Restaurant;* In the United States District Court for the Southern District of Texas, Brownsville Division Civil Action No. 1:07-cv-98, (August 20, 2008) (Hanen, J.) (*Final Default Judgment*) (Attorney's fees totaling 50% of damages awarded);

- *Garden City Boxing Club, Inc., as Broadcast Licensee of the November 27, 2004 Morales/Barrera Event v. Mayra Judith Meza, Individually and d/b/a El Paso Del Norte Bar;* In the United States District Court for the Southern District of Texas, Houston Division Civil Action No. H-07-3993; (S.D. Tex. August 29, 2008) (Atlas, J.) (*Final Default Judgment*) (Attorney's fees totaling 33.33% of damages awarded);

- *Garden City Boxing Club, Inc., as Broadcast Licensee of the September 13, 2003, De La Hoya/Mosley Event v. 1) Jose Peña, Individually and d/b/a El Paso Nite Club; and 2) Martin Peña, Individually and d/b/a El Paso Nite Club*, Civil Action No. H-05-CV-03088, (S.D.Tex. May 26, 2006) (Ellison, J.) (*Final Default Judgment*) (Attorney's fees totaling 33.3% of damages awarded);

- *Garden City Boxing Club, Inc. as Broadcast Licensee of the September 14, 2002 De La Hoya/Vargas Event v. Jose R. Lopez a/k/a Jose Reyes Lopez, Individually and d/b/a Princesa's Night Club*, Civil Action No. H-04-3264, (S.D. Tex. June 17, 2005) (Gilmore, J.) (*Final Default Judgment*) (Attorney's fees totaling 50% of damages awarded).

*But see*:

- *J&J Sports Productions, Inc., as Broadcast Licensee of the April 8, 2006 Mayweather/Judah Event v. (1)El Bocadito Inc., individually and d/b/a El Bocadito; and (2) Jose G. Medina, individually and d/b/a El Bocadito;* In the United States District Court for the Southern District of Texas, Houston Division Civil Action No. H-08-1067,

7. The reasonable attorneys' fee of one-third is determined solely on how I perceive the factors listed in TEX. DISC. R. PROF. CONDUCT 1.04 as applied to this case, and not against all my cases, and not using risk shifting or "pooling" between my cases.

8. Solely in the alternative to the one-third contingent fee sought for the prosecution of this action through the Default Judgment, and for any "*Lodestar* fee" calculation, Plaintiff estimates that attorneys representing Plaintiff in this action reasonably expended or will expend a minimum of three (3) hours on this litigation through the preparation of Plaintiff's Motion for Default Judgment. Based on the factors and documents identified herein, it is my opinion that a blended rate of $250.00 per hour is reasonable for anti-piracy litigation, considering my firm's experience with anti-piracy cases such as this case, for a total fee in the amount of $750.00. In determining the $250 per hour fee, I also considered the *Texas Lawyer 2011 Salary and Billing Survey* (published in TEXAS LAWYER August 29, 2011 edition) (a copy of which is attached as Exhibit "B-2").

9. This $250 per hour fee for prosecution of anti-piracy cases by my law firm has been specifically approved or accepted in the following cases.

- *National Satellite Sports, Inc. v. Nancy Del Carmen Garcia d/b/a La Guira Night Club*, Civil Action No. 3:01-CV-1799-D; 2003 U.S. Dist. LEXIS 10315, at *8 (N.D. Tex. June 18, 2003) (Fitzwater, J.);

- *Joe Hand Promotions, Inc. as Broadcast Licensee of the February 22, 2003 Etienne/Tyson Event v. Lorenzo Prieto, Individually and d/b/a El Parralito*, Civil Action No. 3-03:CV-2545-L (N.D. Tex. Oct. 13, 2004) (Lindsay, J.) (*Order*);

- *Garden City Boxing Club, Inc. v. Ramiro Beltran, Individually and doing business as Los Dos Laredos*, Civil Action No. 03-2734, (S.D. Tex. May 11, 2005 (Rainey, J.) (*Order*);

---

(March 31, 2009) (Werlein, J.) *(Final Default Judgment)* (Attorney's fees totaling 25% of damages awarded).

AFFIDAVIT OF ANDREW R. KORN  Page 5
n:/802064/default/Affidavit-Diaz (fees)

- *J&J Sports Prods. v. Valdez*, 2008 U.S. Dist. LEXIS 98603 at *6 (S.D. Tex. Dec. 4, 2008) (Kazen, J.) ("J&J has established by the affidavit of its attorney Andrew R. Korn attorney's fees in the amount of $ 1,500 [six hours x. $250 per hour]. Korn's fees are reasonable and were necessarily incurred in the prosecution of this case."); and

- *Joe Hand Promotions, Inc. as Broadcast Licensee of the May 27, 2006 Hughes/Gracie Event v. Raul Mariscal, individually and d/b/a/ Friendly Lounge;* Civil Action No. B:-08-188 (S.D. Tex. July 1, 2009) (Tagle, J.) (*Opinion & Order*) ("The court finds the lodestar method proposed in Andrew Korn's Affidavit to be reasonable and appropriate in this case. Plaintiff has established that $250 per hour is a reasonable fee..." (internal citations omitted).

10. It is also my opinion that the following attorneys' fees are reasonable for each of the following:[2]

    a. Ten Thousand Dollars ($10,000.00) in the event a Defendant files a motion to vacate, Rule 60 motion, motion for new trial, motion for reconsideration or other post-judgment, pre-appeal motion that does not result in a reversal of the Judgment obtained in this action;

    b. Fifteen Thousand Dollars ($15,000.00) in the event a Defendant files an appeal to the Fifth Circuit Court of Appeals that does not result in a reversal of the Judgment obtained in this action;

    c. Five Thousand Dollars ($5,000.00) for making and/or responding to a petition for certiorari to the U.S. Supreme Court that does not result in a reversal of the Judgment obtained in this action;

    d. Ten Thousand Dollars ($10,000.00) for an appeal to the United States Supreme Court in the event a petition for certiorari review is granted and does not result in a reversal of the Judgment obtained in this action; and

    e. Two Thousand Five Dollars ($2,500.00) for collection of the Judgment rendered in this case, should Plaintiff obtain a writ of

---

[2] The Court may award fees for appellate work on a contingent basis. *See Lyn-Lea Travel Corp. v. American Airlines, Inc.*, Civil Action No. 3:96-CV-2068, 2000 U.S. Dist. LEXIS 14487, at * 33 (N.D. Tex. September 29, 2000) (vacated on other grounds, 283 F.2d 282 (5th Cir. 2002) citing *Norris v. Hartmax Specialty Stores, Inc.*, 913 F.2d 253, 257 (5th Cir. 1990) ("A long and consistent line of Fifth Circuit precedent allows awards of attorney's fees for both trial and appellate work.") (citations omitted).

AFFIDAVIT OF ANDREW R. KORN      Page 6
n:/802064/default/Affidavit-Diaz (fees)

execution, writ of garnishment, writ of attachment or other process.

*Andrew R. Korn*
ANDREW R. KORN

SUBSCRIBED AND SWORN TO BEFORE ME, an officer authorized to administer oaths, on the 17th day of January, 2012, to certify which witness my hand and official seal.

*Catherine Barrera*
Notary Public, in and for the State of Texas

[SEAL: CATHERINE BARRERA NOTARY PUBLIC State of Texas Comm. Exp. 08/13/2012]

My Commission Expires:
08/13/2012

Catherine Barrera
Printed Name of Notary Public

# EXHIBIT "B-1"

ANDREW R. KORN, ESQ.
Korn, Bowdich & Diaz, L.L.P.
4221 Avondale Avenue
Dallas, Texas 75219
(214) 521-8800 – Telephone
(214) 521-8821 – Telecopy
akorn@kbdtexas.com
www.kbdtexas.com

Andy Korn is Board Certified in Civil Appellate Law by the Texas Board of Legal Specialization, since 2001.

Andy has an AV rating from the Martindale-Hubbell Law Directory, the highest rating given. Andy is admitted to practice before the United States District Courts for the Northern, Southern, Eastern and Western Districts of Texas and the Fifth Circuit Court of Appeals. Andy has argued cases before the 5th Circuit.

Andy has more than twenty-one (21) years of experience in commercial litigation, intellectual property litigation, securities litigation and arbitration, tort litigation, constitutional law and employment law, including accountant liability, advertiser liability, brokerage liability, security guard liability, personal injury, legal malpractice, libel, slander, DTPA, consumer law, landlord-tenant, breach of contract, copyright, trademark, rights of celebrity, business torts, injunctions, Fair Labor Standards Act, Federal Communications Act, sexual harassment, wrongful termination, employment discrimination, collections, enforcement of deed restrictions and non-compete agreements. Andy has represented Clients before the Texas Supreme Court and the following Texas Courts of Appeals:

- First District of Texas at Houston
- Second District of Texas at Fort Worth
- Fourth District of Texas at San Antonio
- Fifth District of Texas at Dallas
- Sixth District of Texas at Texarkana
- Eighth Court of Appeals at El Paso
- Tenth District of Texas at Waco
- Eleventh District of Texas at Eastland
- Twelfth District of Texas at Tyler
- Fourteenth District of Texas at Houston

Andy has represented institutions such as Southwestern Bell Mobile Systems, Inc., KPMG Peat Marwick, Credit Suisse First Boston Mortgage Capital, LLC, and Royal Bank of Canada. Andy has represented such well-known individuals as Anthony Robbins and former All-Pro Dallas Cowboy Nate Newton. Since 1999, Andy has arbitrated four NASD securities cases to award and two cases to award before the American Arbitration Association. Andy has represented brokerages, brokers, and customers in securities related disputes. Andy has represented both Democrat and Republican political figures.

Andy was selected as a Texas Super Lawyer in 2006, 2009, 2010 and again in 2011.

In April, 2002, Andy spoke at the Waste Expo in Las Vegas, Nevada on the topic *Is Your Contract Killing You?* In April 2006, Andy spoke at the State Bar of Texas *Collections and Creditors' Rights* program on *Handling Writs of Execution*. In August, 2006 and again in August, 2007, Andy spoke at the *Collecting Debts and Judgments* program sponsored by the University of Houston Law Center. In September, 2009, Andy spoke at the Dallas Bar Association *Consumer-Creditor Law Seminar* on exempt property. Andy's article, *The "feisty" Banks of Durant, Oklahoma*, was published in the May/June 2006 PAPER MONEY (Official Journal of the Society of Paper Money Collectors). Andy's article, *Seized Currency*, was published in the September/October 2007 *Paper Money*. Andy has also contributed as a columnist for www.comicspriceguide.com.

Andy was born in Brooklyn, New York on May 7, 1965. He received his B.A., *cum laude*, from the University of Pennsylvania in 1986 and his J.D. from Vanderbilt University School of Law in 1989. During Andy's third year of law school, he interned with the Davidson County District Attorney's Office, where he assisted in the prosecution of misdemeanors. Andy was admitted to practice in Texas in 1989. Andy was an associate and participating associate in the Litigation Section of the Dallas office of Fulbright & Jaworski, L.L.P. from 1989-1994.

Andy's nickname is the "Gator."

# The Martindale-Hubbell<sup>SM</sup> Rating System

# How It Works


LexisNexis Martindale-Hubbell®

For over 130 years, Martindale-Hubbell® has been the most respected source of authoritative and dependable information about members of the worldwide legal community.

An integral part of this service to the legal community is the Martindale-Hubbell Rating System. Under this system, Legal Ability and General Ethical Standards Ratings for individual attorneys are developed and published in the Martindale-Hubbell database. The goal of this impartial rating system is the development of unbiased, fair and accurate ratings for as many lawyers as possible, including both subscribers and nonsubscribers of Martindale-Hubbell.

## ATTORNEY RATINGS

The majority of rating reviews are initiated by Martindale-Hubbell, typically beginning five years after an attorney has been admitted to the Bar. An initial review of a lawyer is also made when requested by the attorney or at the request of a partner or colleague. There are no minimum periods of admission to the practice required for any rating.

There are many lawyers for whom no ratings are published. Some have requested not to have a rating published. For others, definitive information has not been developed because of the relatively few years the lawyer has practiced, the size of the Bar or other reasons unrelated to the individual's professional competence, reliability or ethical standards. If the lawyer's practice is limited or specialized, it may afford little opportunity for others to form a professional opinion. Therefore, absence of ratings should not be construed as unfavorable.

## LAW FIRM RATINGS

Reviews are not conducted of law partnerships or professional corporations. The rating extended to law firms depends on the lawyer personnel and the ratings published for those individuals. Generally, a law firm is given the rating of its highest rated principal. The rating of a firm has no bearing on the individual rating of any lawyer connected with it.

## THE RATING INQUIRY PROCESS

Martindale-Hubbell solicits confidential opinions from members of the Bar, including those who have ratings and those who do not. In addition, members of the Judiciary are queried.

Opinions are solicited via written questionnaires and by Martindale-Hubbell field representatives who conduct on-the-spot, oral interviews. No rating is ever established or altered solely on the basis of a field representative's report. Before definitive action is taken, confidential written inquiries are solicited.

All inquiries seek to elicit recommendations based on personal knowledge of the lawyer under inquiry. Martindale-Hubbell does not undertake to make an evaluation of a lawyer's scholastic background, types of clients represented, the number and kinds of cases handled or participation in professional or community activities. The rating process is recognized as a cooperative service to the Bar; participants are not compensated in any way.

## SCOPE OF THE RATING SYSTEM

Ratings fall into two categories: Legal Ability and General Ethical Standards. A rating must be established in both categories to be published.

### Legal Ability Rating

The *Legal Ability Rating* takes into consideration the standard of ability for the area where the lawyer practices, the attorney's expertise, the nature of practice and qualifications relevant to the profession. Where a lawyer's practice is specialized, rating opinions are made on the basis of performance in those specific fields of law.

Legal Ability Ratings are:

- C – Good to High
- B – High to Very High
- A – Very High to Preeminent

### General Ethical Standards Rating

The *General Ethical Standards Rating* covers adherence to professional standards of conduct and ethics, reliability, diligence and other criteria relevant to the discharge of professional responsibilities.

The General Ethical Standards Rating is:

- V – Very High

An attorney will not receive a Legal Ability Rating unless he or she has been endorsed for a "V". Only when both categories of ratings are confirmed will an attorney receive a rating.

All ratings are positive indicators of an attorney's ethics and professional stature. The CV® rating is a good first rating and a definitive statement of a lawyer's above average ability and unquestionable

ethics. The BV® rating is an excellent rating for the attorney with more experience. The AV® rating is a significant accomplishment — a sign that a lawyer is considered by his or her peers to be at the highest levels of professional excellence.

As a general rule, ratings are transferable within state boundaries. Ratings may also be transferred interstate with the symbol ⓣ indicating the rating was obtained in another jurisdiction.

## Periodic Rating Reevaluation

To maintain a high level of accuracy and dependability, Martindale-Hubbell conducts regular reviews of ratings. If the result does not support the published rating, it is lowered or withdrawn.

## Confidentiality

Martindale-Hubbell treats all phases of its impartial rating process as confidential. Sources contacted participate with that understanding. Under no circumstances are any rating materials released.

## Promoting Your Martindale-Hubbell Rating

Ratings are intended primarily for the use of lawyers in the practice of their profession and not for the general public. You may reference your Martindale-Hubbell rating in printed lawyer-to-lawyer communications, professional announcements, and legal directories targeted to lawyers and law firms. Listed below are the requirements for each type of communication.

- *For printed lawyer-to-lawyer communications:*
  Include the following:
  "CV, BV and AV are registered certification marks of Reed Elsevier Properties Inc., used in accordance with the Martindale-Hubbell certification procedure standards and policies."

- *For printed professional announcements:*
  Include the certification mark reference above AND the following explanation:
  "Martindale-Hubbell is the facilitator of a peer review process that rates lawyers. Ratings reflect the confidential opinions of members of the Bar and the Judiciary. MARTINDALE-HUBBELL℠ ratings fall into two categories – legal ability and general ethical standards.

*Legal Ability Ratings are:*
- C – *Good to High*
- B – *High to Very High*
- A – *Very High to Preeminent*

*There is one general ethical standard rating – "V" or "very high" – and an attorney must receive it in order to be rated."*

- *For legal directories targeted to lawyers and law firms:*
  You must receive prior written consent from Martindale-Hubbell Rating Services AND abide by the following policies:
  **Print and CD-ROM based legal directories** must include the certification mark reference and the rating explanation described above.
  **Web-based legal directories** targeted at lawyers and law firms must have a link to Martindale-Hubbell's Web site page (http://www.martindale.com/company/ratings.html) which includes the approved reference and explanation.

You may not use your Martindale-Hubbell rating in print, CD-ROM, or Web-based directories targeted in whole or in part to those other than lawyers and law firms, radio or television commercials, political advertisements or promotions, outdoor advertisements (billboards, buses, benches, etc.), newspaper or yellow page advertisements, law firm Web sites, Martindale-Hubbell Lawyer HomePages or Internet banner ads.

If you'd like to publish your rating in any other format not mentioned here, prior written consent from Martindale-Hubbell Rating Services and adherence to specific guidelines are required.

## A Cooperative Service to the Bar

Martindale-Hubbell respects the confidence the legal community has placed in its rating system. Considered an important tool used in the practice of law, the ratings are an invaluable resource for researching opposing counsel or engaging the services of another attorney. They represent a widely regarded measure of esteem that attorneys strive to achieve.

Since ratings reflect the recommendations of the legal community, we need your help to ensure the impartiality of the ratings process. When you receive an inquiry, please complete it and return it to us promptly. By doing so, you are providing a valuable service to the legal community. We extend our appreciation to every member of the legal profession who participates in this cooperative service to the Bar.

# EXHIBIT "B-2"

# DELAWARE BUSINESS COURT INSIDER

*Introducing the...* News and analysis on the most important developments in the Delaware Business Courts

# TEXAS LAWYER

**ALM Properties, Inc.**
Page printed from: *Texas Lawyer*

Back to Article

## Hourly Billing Rates

Texas Lawyer

08-29-2011

*Back to "Breaking Free of Hourly Fees"*

|  | Equity Partner | | Percent Change | Non-Equity Partner | | Percent Change | 7th-Year Associate | | Percent Change |
|---|---|---|---|---|---|---|---|---|---|
|  | 2011 | 2010 |  | 2011 | 2010 |  | 2011 | 2010 |  |
| **Survey Averages** | $363 | $353 | 2.8% | $350 | $342 | 2.3% | $292 | $283 | 3.2% |
| **Averages By City** | | | | | | | | | |
| Austin/San Antonio | $386 | $372 | 3.8% | $337 | $327 | 3.1% | $292 | $282 | 3.6% |
| Dallas/Fort Worth | $442 | $429 | 3.0% | $379 | $369 | 2.7% | $316 | $309 | 2.3% |
| Houston | $348 | $337 | 3.3% | $338 | $332 | 1.8% | $280 | $271 | 3.3% |
| Other | $263 | $259 | 1.5% | $279 | $276 | 1.1% | $222 | $220 | 0.9% |
| **Averages By Firm Size** | | | | | | | | | |
| 100+ Lawyers | $570 | $550 | 3.6% | $447 | $437 | 2.3% | $393 | $382 | 2.9% |
| 50-99 Lawyers | $483 | $471 | 2.6% | $415 | $401 | 3.5% | $315 | $312 | 1.0% |
| 30-49 Lawyers | $299 | $295 | 1.4% | $277 | $272 | 1.8% | $225 | $223 | 0.9% |
| <30 Lawyers | $324 | $315 | 2.9% | $319 | $314 | 1.6% | $256 | $247 | 3.6% |

|  | 4th-Year Associate | | Percent Change | 1st-Year Associate | | Percent Change | Senior Legal Assistant | | Percent Change |
|---|---|---|---|---|---|---|---|---|---|
|  | 2011 | 2010 |  | 2011 | 2010 |  | 2011 | 2010 |  |
| **Survey Averages** | $247 | $238 | 3.8% | $206 | $199 | 3.5% | $132 | $128 | 3.1% |
| **Averages By City** | | | | | | | | | |
| Austin/San Antonio | $239 | $231 | 3.5% | $198 | $191 | 3.7% | $144 | $139 | 3.6% |
| Dallas/Fort Worth | $273 | $263 | 3.8% | $224 | $215 | 4.2% | $145 | $141 | 2.8% |
| Houston | $240 | $233 | 3.0% | $216 | $209 | 3.4% | $123 | $117 | 5.1% |
| Other | $186 | $181 | 2.8% | $151 | $150 | 0.7% | $102 | $98 | 4.1% |
| **Averages By Firm Size** | | | | | | | | | |
| 100+ Lawyers | $334 | $322 | 3.9% | $273 | $263 | 3.8% | $201 | $195 | 3.1% |
| 50-99 Lawyers | $251 | $247 | 1.6% | $235 | $229 | 2.6% | $141 | $141 | 0.0% |
| 30-49 Lawyers | $203 | $195 | 4.1% | $171 | $167 | 2.4% | $102 | $98 | 4.1% |
| <30 Lawyers | $226 | $217 | 4.2% | $173 | $167 | 3.6% | $119 | $115 | 3.5% |

*Source: 101 firms.*



Copyright 2011. ALM Media Properties, LLC. All rights reserved.